UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANNY CARDONIA

                        Plaintiff,

  -against-

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);
Individually and in their official capacity as
NEW YORK CITY POLICE OFFICERS –
DETECTIVE KENNETH BAKER of narcotic division,
SH# 5651 and DETECTIVE ARNALDO A. NUNEZ of CBI,
SH# 06123, CBI and John Doe Police Officers.

                    Defendants.
-----------------------------------------------------------X

JUDGE CROTTY

**TRIAL BY JURY**
**DEMANDED**

07 CIV 7099

Civil No.

      Plaintiff Danny Cardonia, by and through his attorney, Rudy Velez, Esq., respectfully shows to this court and alleges as follows:

## INTRODUCTION

1.     This is an action commenced by plaintiff for money damages against defendants for committing acts within the scope of their employment and under color of law and depriving plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York.

    Plaintiff alleges that defendants through said Police Officer, deprived him of the Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, warrantless search, made without probable cause his 14th Amendment due process rights, and arrest without probable cause.

1

This action has been commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (1-4), and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

5. Plaintiff demands trial by jury in this action.

## PARTIES

6. Plaintiff DANNY CARDONIA (Cardonia) is an American Citizen residing in the Bronx. He has no prior or subsequent criminal record.

7. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

8. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

9. At all times relevant herein, defendant Police Officer Det. KENNETH BAKER (Baker) of narcotic division Sh# 5651 was a police officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of

his employment and acting under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

10. At all times relevant herein, defendant Police Officer Det. ARNALDO A. NUNEZ (Nunez) of CBI, Sh# 06123 was a police officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

## FACTUAL ALLEGATIONS

11. At approximately 03:25 p.m. on December 5, 2006, Cardonia was in front of 1523 Taylor Avenue, Bronx, New York. Police Officer Detective Kenneth Baker, Sh# 5651 and Detective Arnaldo A. Nunez, Sh# 06123 arrested Cardonia. The police claimed CARDONIA had acted in concert with another person in order to commit the offenses of criminal sale of a controlled substance in the third degree (Penal Law Section 220.39) and other criminal charges. Cardonia informed the police officer that they had the wrong person but he was booked and charged. Cardonia was picking up his two childred from school, public school CS102. He spoke to a Mr. Corsino, the porter, and asked him when he was going to clean the building. Mr. Cardonia was in a public place and had committed no act which would give the police a reason to search and arrest him. Police Officers pulled up right in front of the school and arrested Mr. Cardonia in front of his two daughters Jamaica Vega and Kiara Vega

12. CARDONIA was incarcerated until his arraignment. He was released on his own recognizance and the case was adjourned to December 11, 2006 Part - B, Bronx Criminal Court.

13. Cardonia appeared in Bronx Supreme Court again on December 11, 2006. The charges were dismissed on Motion of the Bronx District Attorney because of a lack of evidence to go forward against Mr. Cardonia.

14. Prior to the announcement on December 11, 2006 by the district attorney that the case would be dismissed, CARDONIA faced serious charges in Supreme Court. The ordeal greatly traumatized CARDONIA and as a result of his incarceration and numerous forced court appearances, his reputation as a decent good citizen was greatly damaged.

## DAMAGES

15. As a direct and proximate result of the said acts of the defendant, CARDONIA suffered the following injuries and damages:

   a. Violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution;

   b. Loss of physical liberty due to incarceration;

   c. Further restrictions on his liberty due to forced court appearances;

   d. Humiliation, embarrassment, and injury to reputation;

   e. Extreme emotional distress;

   f. Severe disruption of family and work.

   g. Loss of employment.

## CAUSES OF ACTION

## COUNT I

### 42. U.S.C. § 1981, 1983 – FOURTH AND FORTEENTH AMENDMENT VIOLATIONS: FALSE ARREST

16. Paragraphs 1- 15 are incorporated by reference as though fully set forth.

17. Plaintiff did not commit, either before or at the time he was unlawfully arrested, imprisoned, prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects people from unreasonable searches and seizures. The plaintiff claims that his search and arrest was unlawful because it was made without probable cause to believe CARDONIA had possessed a controlled substance or acted in concert to sell controlled substances.

18. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was unlawfully searched and arrested and imprisoned, prosecuted and compelled to be arraigned and appear in Criminal Court and Supreme Court numerous times until he was fully acquitted with a full dismissal of all criminal charges by the Bronx District Attorney's Office on December 11, 2006.

19. That on or about 6th day of December, 2006 at or about approximately 03:25

p.m. of that day, while the plaintiff was lawfully and properly in a public place located inside of 1523 Taylor Ave, Bronx, New York and subsequent times thereafter, including but not limited to a Bronx Precinct, Central Booking and a detention cell at the Criminal Court building located at 215 East 161 street, the defendants, their agents, servants and employees falsely arrested CARDONIA without any probable cause or any just right or grounds therefore.

20. That the plaintiff was deprived of his liberty and was forced to submit to further court proceedings.

21. That the defendant police officers, acting under color of authority did not testify truthfully and withheld vital information before a grand jury, in the County of the Bronx, New York.

22. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant CITY and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the CITY.

23. That at all times hereinafter mentioned, defendants, Police Officer Detective Kenneth Baker Shield No.5651, and police officer Detective Arnaldo A. Nunez Shield No.06123 were under color of law in their official capacity as a New York City Police Officers.

24. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and

pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the CITY and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, CARDONIA, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States to wit: to be free from warrant less searches and arrests without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment right to be free of unreasonable search and seizure and restraint on his liberty without due process, and arrest without probable cause.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of One Million ($1,000,000.00) dollars.

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in the amount of One Million Dollars on each Cause of Action;

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3.  For such other and further relief as to this Court may seem just and proper.

Dated: Bronx, New York
       August  , 2007

_____
RUDY VELEZ/7160
930 Grand Concourse, suite 1A
Bronx, New York 10451
(718) 993-3062
(718) 993-3064 (fax)