UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DANNY CARDONIA,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK (CITY); THE NEW YORK
CITY POLICE DEPARTMENT (NYPD); Individually and
in their official capacity as NEW YORK CITY POLICE
OFFICERS – DETECTIVE KENNETH BAKER of
narcotics division, SH# 5651 and DETECTIVE
ARNALDO A. NUNEZ OF CBI, SH# 06123, CBI and
John Doe Police Officers,

                            Defendants.

**ANSWER**

07 CV 7099 (PAC)

**Jury Trial Demanded**

-------------------------------------------------------------------X

        Defendant the CITY OF NEW YORK (the "City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph 2 of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.     Denies the allegations set forth in paragraph 3 of the complaint, except admits that plaintiff purport to base jurisdiction as stated therein.

        4.     Denies the allegations set forth in paragraph 4 of the complaint, except admits that plaintiff purport to lay venue as stated therein.

---

[1] Upon information and belief, DETECTIVE KENNETH BAKER and DETECTIVE ARNALDO A. NUNEZ have not been served with process as of the date hereof.

5. The allegations set forth in paragraph 5 consist of a demand for a jury trial and therefore no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Denies the allegations set forth in paragraph 6 of the complaint, except admits that the City is a municipal corporation organized under the laws of the state of New York and that a Kenneth Baker and Arnaldo Nunez are employed by the City as police officers for the New York City Police Department.

8. Admits the allegations set forth in paragraph 8 of the complaint.

9. The allegations set forth in paragraph 9 of the complaint constitute conclusions of law rather than averments of fact and therefore no response is required..

10. The allegations set forth in paragraph 10 of the complaint constitute conclusions of law rather than averments of fact and therefore no response is required.

11. Denies the allegations set forth in paragraph 11 of the complaint, except admits that plaintiff was arrested on various charges.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. Denies the allegations set forth in paragraph 14 of the complaint.

15. Denies the allegations set forth in paragraph 15 of the complaint.

16. In response to the allegations set forth in paragraph 16 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 15 inclusive of its answer, as if fully set forth herein.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Denies the allegations set forth in paragraph 18 of the complaint.

19. Denies the allegations set forth in paragraph 19 of the complaint.

20. Denies the allegations set forth in paragraph 20 of the complaint.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. The allegations set forth in paragraph 22 of the complaint constitute conclusions of law rather than averments of fact and therefore no response is required.

23. The allegations set forth in paragraph 23 of the complaint constitute conclusions of law rather than averments of fact and therefore no response is required.

24. Denies the allegations set forth in paragraph 24 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

25. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

26. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

27. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

28.     Punitive damages are not available against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

29.     Any injury alleged to have been sustained resulted from plaintiff' own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

30.     There was probable cause for plaintiff' arrest, prosecution and detention.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

31.     Plaintiff provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

32.     Plaintiff's injuries, if any, are de minimis and do not give rise to a constitutional violation.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

33.     This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

34.     This action is barred in whole or in part by latches and the applicable limitations period.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

35.     Plaintiff has failed to comply with § 50 0f the General Municipal Law.

**WHEREFORE**, defendant THE CITY OF NEW YORK requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 26, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the
> City of New York
> Attorney for Defendant THE CITY OF NEW YORK
> 100 Church Street, Room 3-159
> New York, New York 10007
> (212) 788-8698
>
> By: _____
> Steve Stavridis (SS 4005)

(By ECF)

TO: Rudy Velez, Esq.
Attorney for Plaintiff
930 Grand Concourse, Suite 1A
Bronx, New York 10451
(718) 993-3062
rvesq@yahoo.com